Civil Procedure, 28 U.S.C.A. following section 723c. This denial of the defendant's motion is, of course, without prejudice to either of the parties and no costs are to be awarded in connection therewith.

## ELKINS v. NOBEL et al.
### No. 1049.

District Court, E. D. New York.

June 24, 1940.

## KENDALL CO. v. EARNSHAW KNITTING CO.
### No. 311.

District Court, D. Massachusetts.

May 1, 1940.

Theodore I. Welenkin, of Brooklyn, N. Y., for plaintiff.

Harry Malter, of New York City, for defendants Nobel.

358

Samuel Rothenberg, of Brooklyn, N. Y., for defendant Food Dealers Industrial Bank.

MOSCOWITZ, District Judge.

The motion made by defendants Frances Nobel and Irving Nobel to dismiss the complaint is denied.

The motion made by the defendant Food Dealers Industrial Bank for summary judgment is also denied.

The motion made by the defendants Frances Nobel and Irving Nobel for a jury trial as to the second, third and fourth causes of action is granted.

The inclusion in the complaint of a fraudulent transfer cause of action does not deprive the defendants of their right to a trial by jury as to the other causes of action. However, there need not be two trials. The defendants will not be prejudiced by one trial as the evidence relating to all the causes of action is practically the same. The Court can proceed to impanel a jury, take such evidence as is germane to the second, third and fourth causes of action, submit those causes of action to the jury, then decide the issue of fraudulent conveyance or, if necessary, take such additional testimony as may be necessary on that cause of action, in the absence of the jury.

The procedure indicated is not repugnant to Rules 38 and 39, 28 U.S.C.A. following section 723c, and will expedite the disposition of the issues raised without prejudice to any of the parties to the action, and will obviate two trials.